**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| CARLA PEARMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-1006 |
| BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 29 U.S.C. §§ 1132 and 1144 of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA"), Defendant Blue Cross and Blue Shield of Kansas City ("BCBSKC"), by and through undersigned counsel, hereby gives notice of its removal of the state court action currently pending in the Circuit Court of Jackson County, Missouri, at Kansas City, Associate Circuit Division, to this Court. In support of this Notice of Removal, BCBSKC states the following:

1. On October 30, 2017, Plaintiff Carla Pearman ("Plaintiff") filed her civil action against BCBSKC in the Circuit Court of Jackson County, Missouri, at Kansas City, Associate Circuit Division, captioned *Carla Pearman v. Blue Cross and Blue Shield of Kansas City,* Case No. 1716-CV26778 (the "State Court Action").

2. Plaintiff filed a Petition for Damages ("Plaintiff's Petition) in the State Court Action, which asserts a Breach of Insurance Contract claim ("Plaintiff's Claim"). On November 22, 2017, Plaintiff's Petition and Summons were served on BCBSKC. Copies of Plaintiff's Petition, Summons and other related court documents are attached hereto as **Exhibit A**, which

represents all of the pleadings received by or served upon BCBSKC in connection with the State Court Action.

3. Plaintiff's Petition, at paragraph 6, alleges that BCBSKC "issued policies of group health insurance through Plaintiff's employer, Rockhill Women's Care under the Plan Name: Preferred-Care Blue, Group Number 32874000 and Member ID 10M700124-00 . . . ." *See* **Exhibit A**, Plaintiff's Petition at 2, ¶ 6. This plan is governed by ERISA.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION THROUGH ERISA COMPLETE PREEMPTION

4. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts have original jurisdiction may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). The "original jurisdiction" referred to is federal question jurisdiction, which covers cases "arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

5. The well-pleaded complaint rule states that a "defendant may not generally remove a case to federal court unless the plaintiff's [petition] establishes that the case 'arises under' federal law." *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 207 (2004). Although Plaintiff's Petition purports to assert a state law claim, and seeks remedies under state statutes, Plaintiff's Petition is subject to complete preemption under ERISA's civil enforcement provision. 29 U.S.C. § 1132(a); *Davila,* 542 U.S. at 207 (an exception to the well-pleaded complaint rule exists "[w]hen a federal statute wholly displaces [a] state-law cause of action through complete pre-emption.")

6. Indeed, certain federal laws completely preempt state laws and invoke the Court's federal subject matter jurisdiction. *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) (under the complete preemption doctrine, a select collection of claims, regardless of how they are pleaded, are "necessarily federal" and removable to federal court). In such cases, even if a

petition purports to only provide for recovery under state law, federal law preempts the state law claims for the purpose of subject matter jurisdiction, and removal is appropriate. *Id.* at 63-64.

7. Here, Plaintiff's Petition is completely preempted by ERISA, which was enacted to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." *Davila,* 542 U.S. at 208 (citing 29 U.S.C. § 1001(b)). "ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *See id.* (referring to 29 U.S.C. § 1144); *see also Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc.*, 91-0330-CV-W-9, 1991 WL 523899 (W.D. Mo. Dec. 26, 1991) *aff'd,* 999 F.2d 298 (8th Cir. 1993) (ERISA's preemption provision at 29 U.S.C. § 1144 relates to claims affecting employee benefit plans); *Luebbert v. Blue Cross Blue Shield of Tennessee*, No. 11-04347-CV-FJG, 2012 WL 1606195, at *1-2 (W.D. Mo. May 8, 2012).

8. In view of the preemptive scope of ERISA—and in particular the preemptive impact of § 1132—this Court has federal question jurisdiction over the claims set forth in Plaintiff's Petition under 28 U.S.C. §§ 1331 and 1441, making removal proper. *Lawson v. Potter*, 282 F. Supp. 2d 1089, 1092 (W.D. Mo. 2003) (*citing Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1 (2003) ("When a federal statute wholly displaces the state-law cause of action through complete pre-emption . . . a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.")); *Griffioen v. Cedar Rapids & Iowa City Ry. Co.,* 785 F.3d 1182, 1188-89 (8th Cir. 2015).

## II. ALL PROCEDURAL REMOVAL REQUIREMENTS HAVE BEEN MET

9. Removal to this Court is proper because the State Court Action was filed in this District. *See* 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C.§ 1446, this Notice of Removal is timely filed within thirty (30) days of the service of Plaintiff's Petition upon BCBSKC.

11. Pursuant to 28 U.S.C. § 1446, a Notice of Filing of Removal to Federal Court is being filed contemporaneously in the State Court Action.

12. Written notice of BCBSKC's removal has been mailed and e-mailed to Plaintiff's counsel.

WHEREFORE, Defendant Blue Cross and Blue Shield of Kansas City respectfully notifies this Court that the State Court Action pending against it has been removed to this Court in accordance with the foregoing statutory provisions.

Respectfully Submitted,

SPENCER FANE LLP

 */s/ Douglas M. Weems*
Douglas M. Weems  MO #41165
Olawale O. Akinmoladun  MO #63442
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
Phone: (816) 474-8100
Fax: (816) 474-3216
dweems@spencerfane.com
wakinmoladun@spencerfane.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of December, 2017, I electronically filed the foregoing through the Court's CM/ECF system, and served a copy via e-mail and first class mail, postage prepaid, to:

Timothy W. Monsees
MONSEES & MAYER, P.C.
4714 Grand Avenue, Suite 820
Kansas City, Missouri 64112
**ATTORNEY FOR PLAINTIFF**

 */s/ Douglas M. Weems*
An Attorney for Defendant
Blue Cross and Blue Shield of Kansas City

4 WA 10423163.1

Case 4:17-cv-01006-BCW   Document 1   Filed 12/05/17   Page 4 of 4